IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| RONALD MICHAEL HILL, | § |
| Petitioner, | § |
| VS. | § NO. 4:09-CV-522-A |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § |
| Respondent. | § |

ORDER

This is a petition for writ of habeas corpus filed by petitioner, Ronald Michael Hill ("Hill"), pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Charles Bleil for findings, conclusions, and recommendation. He recommended that Hill's petition be dismissed without prejudice, except as to the application of the federal statute of limitations or any other federal procedural bar that might apply. This recommendation was based on Judge Bleil's conclusion that Hill has failed to exhaust his state court remedies and Judge Bleil's finding that Hill's state petition for habeas corpus is still pending before the state trial court. Judge Bleil concluded that Hill's claims are unexhausted for purposes of federal habeas review because the Texas Court of Criminal Appeals has not been afforded a fair opportunity to consider the merits of Hill's claims.

Judge Bleil informed the parties to file objections, if any, to the findings, conclusions, and recommendation by February 23, 2010. Hill timely filed objections; and, pursuant to the court's order of February 23, 2010, respondent filed a response to those objections. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the findings, conclusions, and recommendation to which specific objections were made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980).

Hill objected to Judge Bleil's conclusions and recommendation on the ground that his state habeas corpus petition has been pending in the state trial court without disposition for some twenty months, since June 2008. He argued that such an inordinate and excessive delay has rendered the state corrective process ineffective, thereby excusing him from satisfying the exhaustion requirement before seeking federal habeas review. Hill requested that the court bypass the exhaustion requirement and adjudicate the merits of his claims.

In general, a state prisoner must exhaust all available state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A) (2006). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoner's federal rights." <u>Carty v. Thaler</u>, 583 F.3d 244, 253 (5th Cir. 2009) (internal quotation marks and ellipses omitted). A state prisoner exhausts

2

his available state court remedies by giving the highest court of the state an opportunity to review and rule on his claims, either on direct appeal or in a state petition for habeas corpus. Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals. Id. at 432.

Compliance with the exhaustion requirement is excused where circumstances render the state corrective process ineffective. 28 U.S.C. § 2254(b)(1)(B)(ii).[1] Pertinent to this case, the state corrective process is rendered ineffective and the exhaustion requirement will not apply "when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge on his due process rights." Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); accord Breazeale v. Bradley, 582 F.2d 5, 6 (5th Cir. 1978); St. Jules v. Beto, 462 F.2d 1365, 1366-67 (5th Cir. 1972) (per curiam). "In analyzing exhaustion in each case, however, courts are to excuse noncompliance . . . only if the inordinate delay is wholly and

---

[1] The pertinent part of § 2254 reads:

    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that--

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

3

completely the fault of the state." Deters, 985 F.2d at 796. "Petitioners without clean hands--those who contribute to the excessive delay--will not be heard to complain of the delay they have caused and thus will not be excused from meeting the exhaustion doctrine." Id.

The twenty month delay in the adjudication of Hill's state habeas corpus petition is within the range that the Fifth Circuit has considered to be inordinate and excessive for purposes of excusing the exhaustion requirement. See Breazeale, 582 F.2d at 6 (holding that state process was ineffective where petitioner's state habeas corpus petition lay dormant for over one year, without any explanation from the state for the delay); Rheuark v. Wade, 540 F.2d 1282, 1283 (5th Cir. 1976) (per curiam) (fifteen-month delay in preparation of trial transcript for state appeal excused exhaustion); St. Jules, 462 F.2d at 1366-67 (finding seventeen month delay in adjudication of state postconviction motion excessive and remanding to district court to determine if delay was justified).[2]

However, the court agrees with respondent that the delay is not "wholly and completely the fault of the state." Deters, 985 F.2d at 796. The papers on file in Hill's state habeas corpus proceeding reflect that Hill filed a 126-page brief in support of

---

[2] Even though Breazeale, Rheuark, and St. Jules were all decided prior the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), they retain their precedential value because the text of AEDPA relating to exhaustion is identical to that of the pre-AEDPA version of § 2254. Strickland v. Director, TDCJ-ID, No. 9:08-CV-124, 2008 WL 5245486, at *4 (E.D. Tex. Dec. 15, 2008).

his petition, which is well in excess of the page limit placed on such briefs by the Texas Rules of Appellate Procedure. He has filed numerous additional motions, exhibits, responses, and objections. Hill has also amended his petition several times, and has added grounds thereto as recently as February 26, 2010. Presumably, if the state court is to give due consideration to each of Hill's submissions, it requires time. The court therefore concludes that Hill's excessive filing and repeated amendments to his petition have contributed, at least in part, to the delay he is experiencing at the state level. In any event, respondent averred in his response to Hill's objections that the state trial court has scheduled a hearing on Hill's petition on the date of the signing of this order. The court is therefore confident that Hill will have a state forum in which to present his claims. For these reasons, the court need not bypass the exhaustion requirement and address the merits of Hill's federal petition at this time.

Therefore,

The court adopts Judge Bleil's conclusions, accepts his recommendation, and ORDERS that Hill's petition be, and is hereby, dismissed without prejudice, except as to the application of the federal statute of limitations or any other federal procedural bar that might apply.

SIGNED March 11, 2010.

JOHN McBRYDE
United States District Judge